IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Deborah Videtto Guy, a/k/a Deborah Videtto Guy Hubbard Sarvis, a/k/a Deborah Videtto Hubbard, a/k/a Deborah Hubbard-Sarvis,<br><br>Petitioner,<br><br>v.<br><br>Warden of Camille Graham Correctional Center,<br><br>Respondent. | C/A No.: 8:25-cv-245-SAL<br><br><br><br>**ORDER** |

Deborah Videtto Guy ("Petitioner"), a state prisoner proceeding *pro se*, filed this habeas corpus petition under 28 U.S.C. § 2254. The matter is now before the court on the Report and Recommendation (the "Report") of United States Magistrate Judge William S. Brown made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending this case be summarily dismissed. [ECF No. 11.] Petitioner filed objections to the Report. [ECF No. 13.] This matter is ripe for review. For the reasons that follow, this court adopts the Report and summarily dismisses the action.

## BACKGROUND

Petitioner is currently serving a life sentence without parole ("LWOP") for murder. She previously served a sentence for a 1976 armed robbery conviction in South Carolina. In the present action, Petitioner seeks to challenge her that armed robbery conviction and sentence.

That magistrate judge recommends dismissal. First, with respect to the 1976 conviction, Petitioner is no longer "in custody" for that offense as required under 28 U.S.C. § 2254. Second,

1

to the extent Petitioner seeks to challenge her current murder sentence, Petitioner has previously filed multiple § 2254 actions related to that conviction and sentence. Thus, this action is successive.

Petitioner objects to the Report. *See* ECF No. 13.

### REVIEW OF A REPORT AND RECOMMENDATION

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Nevertheless, a party must do more than state, "I object." *Id.*

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow her to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S.

319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The court incorporates the relevant factual background and legal standards as outlined in the Report. As detailed there, the habeas corpus statute allows a federal court to consider a state prisoner's habeas corpus claims "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, § 2254 does not provide a remedy for individuals who are no longer "in custody" on the challenged conviction. To the extent the Petitioner seeks to challenge her murder conviction and sentence, which is the basis for her current incarceration, this action is successive.

Petitioner argues she is in custody on the 1976 conviction, explaining "I have been 'in custody' for 49 years because of this 1976 conviction, without this unlawful indictment & conviction of 1976, I would have been released in 2004 pursuant to S.C. Code Laws 16-25-90 . . . ." [ECF No. 13 at 5–6.] Thus, she claims she would have been eligible for parole on her murder sentence were it not for her earlier armed robbery conviction. This argument is foreclosed by *Maleng v. Cook*, 490 U.S. 488, (1989). There, the Supreme Court stated,

> The question presented by this case is whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not.

*Id.* at 492. So, too, here. Petitioner may disagree with *Maleng*, but it remains controlling. Petitioner admits she served eight years for armed robbery. *Id.* at 4. She is no longer in custody on that conviction, and she cannot challenge it by way of a § 2254 petition now.

Alternatively, if the court construes this petition as a challenge to her current murder conviction and sentence, the action must be dismissed as an unauthorized successive § 2254 petition. As detailed in the Report, Petitioner has previously filed multiple § 2254 petitions concerning that conviction. Under 28 U.S.C. § 2244(b)(3)(A), a district court lacks jurisdiction to consider a successive habeas petition unless the petitioner has obtained prior authorization from the Fourth Circuit. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that petitioner's failure to obtain authorization to file a successive petition deprived the district court of jurisdiction to consider the successive petition). There is no indication Petitioner has either sought or received authorization from the Fourth Circuit to file a successive § 2254 petition.

Petitioner raises lengthy objections, arguing she only became aware of the alleged constitutional issues in 2024 and challenging the lawfulness of her 1976 indictment. However, these arguments do not alter the jurisdictional deficiencies identified above. Her challenge to the 1976 conviction is not cognizable under § 2254, and any challenge to the current sentence is procedurally barred as a successive petition filed without proper authorization. Her objections are overruled.

## CONCLUSION

For the foregoing reasons, Petitioner's objections are overruled, and the magistrate judge's report, ECF No. 11, is **ADOPTED** in its entirety, and the petition is **DISMISSED without prejudice**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed

to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

July 14, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make the required showing.